UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA M.,

                              Plaintiff,                              DECISION AND ORDER

                                                                        20-CV-1263L

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On July 12, 2016, plaintiff, then fifty-nine years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since August 30, 2015. (Administrative Transcript, Dkt. #8 at 26). Her application was initially denied.

       Plaintiff requested a hearing, which was held on November 2, 2018 before Administrative Law Judge ("ALJ") William M. Weir. The ALJ issued a decision on August 13, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 26-37). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 24, 2020. (Dkt. #8 at 1-4). Plaintiff now appeals.

       The plaintiff has moved for remand of the matter for calculation and payment of benefits (Dkt. #17), and the Commissioner has cross moved (Dkt. #22) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is

denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

**I.     Applicable Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §404.1509, §404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**II.    The ALJ's Decision**

The ALJ summarized plaintiff's medical records, documenting treatment for chronic obstructive pulmonary disease ("COPD"), which the ALJ concluded constituted a severe impairment not meeting or equaling a listed impairment. Because plaintiff's history included a diagnosis of general anxiety disorder, the ALJ then applied the special technique for mental health limitations, and found that the plaintiff was mildly restricted in understanding, remembering, and applying information, had no limitation in interacting with others, had no limitation with respect to concentration, persistence, and pace, and had a mild limitation in adapting or managing herself. The ALJ accordingly found plaintiff's mental limitations to be non-disabling.

In light of these findings and the evidence of record, ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work, with no limitations. (Dkt. #8 at 31). When presented with this RFC as a hypothetical at the hearing, vocational expert Rachel A. Duchon testified that such an individual could perform plaintiff's past

relevant work as a clerk typist. (Dkt. #8 at 36). The ALJ accordingly found plaintiff not disabled.

## III.   The ALJ's Assessment of Medical Opinions of Record

Initially, plaintiff argues that the ALJ erred in rejecting the medical opinions of plaintiff's treating pulmonary specialists, Dr. Nalini Namassivaya, and Dr. Celestino Pietrantoni.

To the extent that all of Dr. Namassivaya's "opinions," and portions of Dr. Pietrantoni's, consisted of conclusory statements that plaintiff should be "out of work" for a certain period or was "unable to work," the ALJ correctly declined to consider them, because they opined on the ultimate issue of disability, which is reserved for the Commissioner. *See e.g.*, *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate issue of disability is set aside for the Commissioner, and conclusory opinions on that issue, even when rendered by a treating physician, are appropriately ignored by an ALJ). *See also* 20 C.F.R. §404.1527(e)(1).

With respect to plaintiff's functional capacity, on October 24, 2018, Dr. Pietrantoni signed a statement prepared by plaintiff's counsel, indicating that plaintiff's COPD, along with other pulmonary and sinus conditions, caused "difficulty breathing, shortness of breath, chronic severe fatigue, chest tightness, chronic wheezing, chronic coughing, and anxiety[,] among other conditions and symptoms." Dr. Pietrantoni opined that, "[a]ny physical activity such as walking a very short distance results in increased symptoms such as shortness of breath and severe fatigue which requires [plaintiff] to be able to lay [sic] down and rest for as long as needed. Her chronic severe fatigue, shortness of breath, and frequent coughing spells, impede her ability to sit, stand, walk, concentrate, read, and write on a consistent basis . . ." (Dkt. #8 at 1196).

Noting that this opinion was inconsistent with Dr. Pietrantoni's clinical notes dated the same day which had indicated, e.g., that plaintiff was asymptomatic, had denied fatigue, coughing, or wheezing, had clear lungs bilaterally despite smoking daily, and was still working, the ALJ

wrote to request additional clarification from Dr. Pietrantoni. (Dkt. #8 at 1182-84). Dr. Pietrantoni responded with an addendum dated January 7, 2019, which stated that: "[plaintiff] does have severe COPD as documented by previous pulmonary function testing. She is asymptomatic from an exacerbation standpoint: i.e., lacking active wheezing cough or sputum productivity. She is chronically breathless[,] however [she is] *without* acute symptoms on a daily basis. I would reaffirm she does have COPD related breathlessness limiting exertional activities on a regular consistent basis." (Dkt. #8 at 1184)(emphasis added).

In opting to give Dr. Pietrantoni's opinion and its addendum "little" weight, the ALJ acknowledged Dr. Pietrantoni's status as a treating source, but appropriately noted that his opinions conflicted significantly with the objective findings contained in plaintiff's treatment records and imaging studies, which included normal lung findings of clear lungs, with no wheezing or lung congestion, and showed gradual stabilization of her condition over time. (Dkt. #8 at 553, 558-59, 561, 566, 572, 577, 583, 586, 589, 594-95, 598, 602, 1038, 1097, 1102-03, 1145, 1179). The ALJ also considered the consistency of Dr. Pietrantoni's opinions with other evidence of record. This included a medical opinion by consulting thoracic surgeon Dr. Samuel Balderman, who opined only moderate limitations for prolonged walking, carrying, and climbing due to COPD, and whose opinion was given "great" weight. (Dkt. #8 at 1037-40). The ALJ gave "partial" weight to an opinion by consulting pulmonologist Dr. Anthony Buscaglia, who suggested that plaintiff's symptoms were related to a combination of her COPD and her daily smoking habit, and opined that plaintiff would not have suffered from the recurrent respiratory infections that had caused her to leave her clerk typist job, but for her smoking. (Dkt. #8 at 1105-07). The ALJ's observation that plaintiff's daily activities – including cleaning, laundry, meal preparation, shopping, and socializing with friends – suggested a higher level of function than Dr. Pietrantoni

had described and were suggestive of the ability to perform sedentary work, was also proper. (Dkt. #8 at 20, 22, 1035).

In sum, the ALJ properly applied the treating physician rule, and adequately explained his reasoning for declining to give controlling weight to the opinions of Dr. Namassivaya, and Dr. Pietrantoni, including the inconsistencies between Dr. Pietrantoni's functional assessment and other medical opinion evidence, treatment records, imaging studies, and plaintiff's self-reported activities of daily living. I find no error therein.

The RFC determined by the ALJ limits plaintiff to a full range of sedentary work, without additional limitations to account for plaintiff's severe impairment of COPD. The ALJ explained that he did not "specifically limit[] the cla[i]mant to no excessive exposure to pulmonary irritants," because he found that there was "no evidence" that the plaintiff couldn't tolerate at least moderate exposure to pulmonary irritants, because "most job environments do not involve" significant exposure to such substances, and because plaintiff voluntarily continued to "expose herself to cigarette smoke for much of the relevant period." (Dkt. #8 at 32).

Assuming *arguendo* that the ALJ erred in failing to include irritant-related limitations for plaintiff's COPD in his RFC finding, such error was harmless, as the past relevant work the ALJ found plaintiff could perform – clerk typist – does not involve exposure to respiratory or pulmonary irritants. *See* Dictionary of Occupational Titles 203.362-010; *McKnight v. Commissioner*, 2018 U.S. Dist. LEXIS 132055 at *42 (S.D.N.Y. 2018)("clerk/typist…is a sedentary job without exposure to respiratory irritants").

I have considered the rest of the plaintiff's claims, and find them to be without merit.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #17) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #22) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 31, 2022.